HENDERSON, Judge.
 

 The exception taken by the Defendant to this bond, is not that it was taken in a sum larger than was authorized or required by law, or that it imposes on him other or greater obligations than the act of assembly justifies $ but that the sum is less than it ought to be, it being for double the original debt, excluding
 
 both interest
 
 and
 
 costs,
 
 which he says ought to have been included. If we bad been told that such exceptions were taken, we should naturally have expected that they were made on the part of him, for whose benefit the sum was required to be thus large, that he might have a full indemnity for his defat, damages and
 
 costs;
 
 and should not for a moment have believed, that he for whose ease, in case there was a loss, such diminution would operate favorably, bad taken it. To allow this objection from the person who may be benefited by the omission, and cannot possibly sustain any injury, would be sacrificing the legislative will to something worse than mere form. For*no person can doubt for whose benefit such regulation was made. Besides, since all our judgments now bear interest until paid, it is next to impossible to execute the law in its very words. No two men, where the calculation of interest is in any degree complicated, will agree to the fraction of a mill, or even to the fraction of a cent. But it may he said, have the penalty large enough, and then this objection is removed. In such case the party may still object, and say that other and harder terms are imposed than the law autho-
 
 *14
 
 mes, that the bond was extorted from him, and he submitted to it to save a friend from jail. I am satisfied, that almost all Courts, and this with others, have gone £00 faP ;n enforcing the rule, that a bond required by statute, must in all respects conform to the regulations of the statute, otherwise it is void j or that it cannot be treated as a statute bond, but must be enforced, if at all as a voluntary one. I perfectly agree, that in all essential points, the statute must be observed — that no other or greater obligations must be imposed by the bond than the statute authorizes. But I think, that he who is' called on to fulfil it, cannot say that the bond is void, or even without the statute as to the obligations which the bond imposes, because there are other
 
 obligations which
 
 ought to have been imposed on him, and which havebeen omitted. I cannot believe such to be a sound construction. Such objections to be sure, might be made by him for whose benefit such omitted obligations ought to have been inserted. But I think it by no means follows, that if the one party could reject it, that the other is not bound by it.
 
 Quisque potest renunciare jure, pro se introducto.
 

 Per Curiam. — Let the
 
 judgment be
 
 reversed, and enter up judgment for the Plaintiffs.